```
                            United States Bankruptcy Court
                            Middle District of Pennsylvania
In re:                                                          Case No. 19-02500-HWV
Jamie J. Atwood                                                 Chapter 13
Tammy J. Atwood
         Debtors                       CERTIFICATE OF NOTICE
District/off: 0314-1        User: MMchugh              Page 1 of 2               Date Rcvd: Jul 15, 2019
                            Form ID: pdf002            Total Noticed: 25

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 17, 2019.
db/jdb         +Jamie J. Atwood,    Tammy J. Atwood,    100 Frost Road,    Gardners, PA 17324-9019
5208805        +Acc Adv Agnc,    510 N Park Rd,    Wyomissing, PA 19610-2941
5208806        +Adams Diagnostic Imaging,    20 Expedition Trail,    Suite 102,   Gettysburg, PA 17325-8599
5208807        +Advanced Disposal,    Shippensburg LC,    135 Vaughn Road,    Shippensburg, PA 17257-9727
5208808        +Bureau of Accout Managment,    3607 Rosemont Ave Ste 502,    Po Box 8875,
                 Camp Hill, PA 17001-8875
5208810        +Caine & Weiner,    12005 Ford Road,    Dallas, TX 75234-7262
5208812        +Commercial Acceptance,    2300 Gettysburg Rd,    Camp Hill, PA 17011-7303
5208814        +Cumberland Tax Collection Bureau,    21 Waterford Dr #201,    Mechanicsburg, PA 17050-8268
5208816        +Eos Cca,    700 Longwater Dr,    Norwell, MA 02061-1624
5208817        +Geico,    One GEICO Plaza,    Washington, DC 20076-0005
5208818        +KML Law Group,    Suite 5000 BNY Mellon Bank,    701 Market Street,   Philadelphia, PA 19106-1538
5208819        +Lou Spivack, P.C.,    5447 E. 5th Street,    Suite 205,    Tucson, AZ 85711-2346
5208821         MetEd,    PO BOX 3687,    Akron, OH 44309-3687
5208823         PA Department of Revenue,    PO Box 281210,    Harrisburg, PA 17128-1210
5208842         Peerless Credit Services, Inc,    PO Box 518,    Middletown, PA 17057-0518
5208843         Professional Account Services, Inc.,    PO Box 188,    Brentwood, TN 37024-0188
5208844        +Receivable Management,    240 Emery St,    Bethlehem, PA 18015-1980
5208845         Snap-On Credit LLC,    P.O. Box 1125,    Libertyville, IL 60048-4125

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
5208811         E-mail/Text: bmg.bankruptcy@centurylink.com Jul 15 2019 19:56:14      Century Link,
                 PO Box 1319,    Charlotte, NC 28201-1319
5208815        +E-mail/Text: bankruptcynotices@dcicollect.com Jul 15 2019 19:56:24
                 Diversified Consultants, Inc.,    Diversified Consultants, Inc.,    Po Box 551268,
                 Jacksonville, FL 32255-1268
5208820         E-mail/Text: camanagement@mtb.com Jul 15 2019 19:55:45      M & T Bank,    Po Box 844,
                 Buffalo, NY 14240
5208822        +E-mail/Text: Bankruptcies@nragroup.com Jul 15 2019 19:56:41      National Recovery Agency,
                 2491 Paxton St,    Harrisburg, PA 17111-1036
5208824        +E-mail/Text: bkrnotice@prgmail.com Jul 15 2019 19:56:03      Paragon Revenue Group,
                 216 Le Phillip Ct Ne,    Concord, NC 28025-2954
5213838        +E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jul 15 2019 19:55:52
                 Pennsylvania Department of Revenue,    Bankruptcy Division PO BOX 280946,
                 Harrisburg, PA 17128-0946
5208846        +E-mail/Text: bankruptcy@sw-credit.com Jul 15 2019 19:56:05      Southwest Credit Systems,
                 4120 International Parkway,    Suite 1100,    Carrollton, TX 75007-1958
                                                                                             TOTAL: 7

               ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
5208809*       +Bureau of Accout Managment,    3607 Rosemont Ave Ste 502,    Po Box 8875,
                 Camp Hill, PA 17001-8875
5208813*       +Commercial Acceptance,    2300 Gettysburg Rd,    Camp Hill, PA 17011-7303
5208825*       +Paragon Revenue Group,    216 Le Phillip Ct Ne,    Concord, NC 28025-2954
5208826*       +Paragon Revenue Group,    216 Le Phillip Ct Ne,    Concord, NC 28025-2954
5208827*       +Paragon Revenue Group,    216 Le Phillip Ct Ne,    Concord, NC 28025-2954
5208828*       +Paragon Revenue Group,    216 Le Phillip Ct Ne,    Concord, NC 28025-2954
5208829*       +Paragon Revenue Group,    216 Le Phillip Ct Ne,    Concord, NC 28025-2954
5208830*       +Paragon Revenue Group,    216 Le Phillip Ct Ne,    Concord, NC 28025-2954
5208831*       +Paragon Revenue Group,    216 Le Phillip Ct Ne,    Concord, NC 28025-2954
5208832*       +Paragon Revenue Group,    216 Le Phillip Ct Ne,    Concord, NC 28025-2954
5208833*       +Paragon Revenue Group,    216 Le Phillip Ct Ne,    Concord, NC 28025-2954
5208834*       +Paragon Revenue Group,    216 Le Phillip Ct Ne,    Concord, NC 28025-2954
5208835*       +Paragon Revenue Group,    216 Le Phillip Ct Ne,    Concord, NC 28025-2954
5208836*       +Paragon Revenue Group,    216 Le Phillip Ct Ne,    Concord, NC 28025-2954
5208837*       +Paragon Revenue Group,    216 Le Phillip Ct Ne,    Concord, NC 28025-2954
5208838*       +Paragon Revenue Group,    216 Le Phillip Ct Ne,    Concord, NC 28025-2954
5208839*       +Paragon Revenue Group,    216 Le Phillip Ct Ne,    Concord, NC 28025-2954
5208840*       +Paragon Revenue Group,    216 Le Phillip Ct Ne,    Concord, NC 28025-2954
5208841*       +Paragon Revenue Group,    216 Le Phillip Ct Ne,    Concord, NC 28025-2954
                                                                             TOTALS: 0, * 19, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 17, 2019                               Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 15, 2019 at the address(es) listed below:
              Charles J DeHart, III (Trustee)    TWecf@pamd13trustee.com
              James  Warmbrodt     on behalf of Creditor    M&T BANK bkgroup@kmllawgroup.com
              Stephen Wade Parker    on behalf of Debtor 1 Jamie J. Atwood Mooneybkecf@gmail.com,
               R61895@notify.bestcase.com
              Stephen Wade Parker    on behalf of Debtor 2 Tammy J. Atwood Mooneybkecf@gmail.com,
               R61895@notify.bestcase.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                         TOTAL: 5
```

## LOCAL BANKRUPTCY FORM 3015-1

### IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE: | CHAPTER 13 |
|---|---|
| Jamie J. Atwood | CASE NO. 1:19-bk-02500 |
| Tammy J. Atwood | |

☑ ORIGINAL PLAN
_____ AMENDED AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)
☐ Number of Motions to Avoid Liens
☐ Number of Motions to Value Collateral

### CHAPTER 13 PLAN

#### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | Included | Not Included |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ | ☑ |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ | ☑ |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ | ☑ |

#### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. **Plan Payments From Future Income**

    1. To date, the Debtor paid $ **0.00** (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $**81,000.00**, plus other payments and property stated in § 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 07/19 | 06/24 | 492.53 | 857.47 | 1,350.00 | 81,000.00 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | Total Payments: | $81,000.00 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: ☑ Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced. Debtors will file an amended schedules I and J within 30 days of Debtor wife becoming employed and will file an amended plan if necessary.*

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $**0.00**. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

☑ No assets will be liquidated. If this line is checked, the rest of § 1.B need not be completed or reproduced.

☐ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $__ from the sale of property known and designated as __. All sales shall be completed by __. If the property does not sell by the date specified, then the disposition of the property shall be as follows:
____

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:
____

2. **SECURED CLAIMS.**

A. **Pre-Confirmation Distributions.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

☑ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|---|
| M & T Bank | Po Box 844; Buffalo, NY 14240 | 1244 | $857.47 |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

☑ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence)**. *Check one.*

☐ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

☑ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| M & T Bank | 100 Frost Road Gardners, PA 17324 Cumberland County value from market analysis in 2017 | $14,000.00 | $0.00 | $14,000.00 |

    D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

☐ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

☑ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

    1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

    2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

    3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| M & T Bank | 100 Frost Road Gardners, PA 17324 Cumberland County value from market analysis in 2017 | $46,403.36 | 8.5% | $51,448.20 |

    E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*
☑ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

    F. **Surrender of Collateral.** *Check one.*

☑ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

    G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

☑ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

3.    **PRIORITY CLAIMS.**

    A. **Administrative Claims**

        1. Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

        2. Attorney's fees. Complete only one of the following options:

    a.    In addition to the retainer of $ **160.00** already paid by the Debtor, the amount of $ **4,340.00** in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c).

    b.    $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above.
   *Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

**B.** **Priority Claims (including, certain Domestic Support Obligations**

☐ None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

☑ Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| Cumberland Tax Collection Bureau | $229.00 |
| PA Department of Revenue | $243.49 |

**C.** **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B)**. *Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

**4.** **UNSECURED CLAIMS**

    **A.** **Claims of Unsecured Nonpriority Creditors Specially Classified.**
    *Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

    **B.** **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

**5.** **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

**6.** **VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

☑ plan confirmation.
☐ entry of discharge.
☐ closing of case.

**7.** **DISCHARGE: (Check one)**

☑ The debtor will seek a discharge pursuant to § 1328(a).

☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:
Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

**9. NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Dated: **June 17, 2019**

**/s/ Stephen Wade Parker**
**Stephen Wade Parker 315606**
Attorney for Debtor

**/s/ Jamie J. Atwood**
**Jamie J. Atwood**
Debtor

**/s/ Tammy J. Atwood**
**Tammy J. Atwood**
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.